UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH L. GEZELMAN, 4TH<br>　　　　　Plaintiff,<br>v.<br><br>SHERIFF MACDONALD,<br>FRANKLIN COUNTY SHERIFF'S DEPARTMENT,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT HILL<br>DEPUTY SUPERINTENDENT FITZPATRICK,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>　　　MEDICAL DEPARTMENT<br>NURSE MORNINGSTAR, MEDICAL ADMINISTRATOR,<br>NURSE PRACTITIONER BIMM,<br>FOOD SERVICE ADMINISTRATOR,<br>C.O. CHALLET<br>C.O. WINN<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30100-KPN |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, the Defendants, Sheriff Macdonald, Franklin County Sheriff's Department, Franklin County House of Correction, Superintendent Byron, Deputy Superintendent Shepard, Deputy Superintendent Hill, Deputy Superintendent Fitzpatrick, Franklin County House of Corrections Medical Department, Nurse Morningstar, Medical Administrator, Nurse Practitioner Bimm, Food Service Administrator, C.O. Challet, C.O. Winn move this Court to enter summary judgment in their favor because the Plaintiff has failed to state a claim upon which relief can be granted.

In support of such Motion, the Defendants state that since the Plaintiff Ralph L. Gezelman is no longer a resident of Franklin County House of Corrections[1], he is barred from obtaining any injunctive relief. *See Affidavit of Superintendent Byron attached. Purvis v. Ponte,* 929 F .2d

---

[1] It appears that the Plaintiff is presently a resident of the Hampshire House of Correction, Northampton, Massachusetts.

822,825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison).

Further, insofar as Plaintiff's suit is brought against a Massachusetts institution and its administrators in their official capacities, it is barred under the Eleventh Amendment to the United States Constitution, which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890) and *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002)

WHEREFORE, the Defendants respectfully request that summary judgment be entered in their favor in the above-entitled action as the plaintiff has failed to state any claim upon which relief can be granted.

        Respectfully submitted,
        Commonwealth of Massachusetts
        By Its Attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        William P. O'Neill  BBO#379745
        Assistant Attorney General
        Western Massachusetts Division
        1350 Main Street
        Springfield, MA 01103-1629
        (413)784-1240 FAX: 784-1244

### CERTIFICATE OF SERVICE

I, William P. O'Neill, Assistant Attorney General, hereby certify that on April 26, 2006, I served a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by first-class Mail, postage prepaid upon plaintiff pro se, at his last known address, Ralph Gezelman, IV, Hampshire House of Corrections, 205 Rocky Hill Road, Northampton, Massachusetts 01061

        William P. O'Neill
        Assistant Attorney General