UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RALPH GEZELMAN, 4th, )
        Plaintiff )
)
)
v. ) Civil Action No. 05-30100-KPN
)
)
)
SHERIFF MACDONALD, et al., )
        Defendants )

### MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Document No. 9)
May 17, 2006

NEIMAN, C.M.J.

Presently before the court is Defendants' unopposed motion for summary judgment with respect to Ralph Gezelman ("Plaintiff")'s civil rights complaint. That complaint, filed against various persons connected with the Franklin County House of Correction ("FCHC") as well as the jail itself makes a variety of allegations concerning conditions at the facility. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). For the reasons which follow, the court will allow Defendants' motion.

"Even where the record is circumscribed because summary judgment [is] unopposed, a district court may grant summary judgment against the nonresponding party only 'if appropriate.'" *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 9 (1st Cir. 2003) (quoting Fed. R. Civ. P. 56 (e)). Accordingly, "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of

law." *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir. 1991) (citations and internal quotation marks omitted).

Here, the court, having undertaken the required inquiry, finds it appropriate to grant summary judgment in Defendants' favor. In doing so, the court has taken as true the allegations in Plaintiff's complaint, *see Estelle v. Gamble*, 429 U.S. 97 (1976), and has been particularly careful in reviewing the matter insofar as it involves a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519 (1972).

First, as supported by the affidavit of Superintendent Forbes Byron, as well as Plaintiff's own pleadings, Plaintiff is no longer a resident of the FCHC. Therefore, he is precluded from obtaining any equitable relief. *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991). Accordingly, the broad injunctions Plaintiff requests are unavailable. (See Amended Complaint at 10 (seeking as relief "an order prohibiting the defendant's [sic] from taking any type of retaliatory action, . . . [requiring] the administration to make immediate changes in the most harmful things, [and appointing] a team . . . to do a surprise inspection").)

This is not to say that a transferred prisoner can never seek injunctive relief at his former facility. For example, it is well established that a case is not moot if it is "capable of repetition, yet evading review." *Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498, 515 (1911). Moreover, prison officials ought not be allowed "to defeat prisoners' claims simply by [transferring them] as soon as they file suit." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). But

2

those principles have not been raised here.[1]

In addition, Plaintiff's claim for damages would appear to be barred by the Eleventh Amendment to the extent it proscribes damage suits against states without their consent. See *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002).

Accordingly, Defendants' motion is ALLOWED, judgment shall enter in their favor, and the case will be closed.

IT IS SO ORDERED.

DATED: May 17, 2006

>	/s/ Kenneth P. Neiman
> KENNETH P. NEIMAN
> Chief Magistrate Judge

---

[1] While there is no indication that Plaintiff's various transfers were untoward, let alone even controlled by Defendants, he does assert that, "as a from [sic] of retaliation," inmates "have had threats implied . . . [such as] transfer to another institution." (Complaint at 2 ¶ 7.)